MATTER OF CAVLOV

In DEPORTATION Proceedings

A–15809142

*Decided by Board September 27, 1962*

(1) Since respondent, a native and citizen of Yugoslavia, apparently had ful-
filled his military obligations when he left Yugoslavia without permission;
there is nothing in the record to indicate that he engaged in any activity inimi-
cal to the Communist Party in Yugoslavia or in any political activity what-
ever; and there appears to be no basis for assuming that the amnesty granted
by Yugoslavia to about 150,000 persons outside the country, including persons
who fled that country illegally after World War II. is inapplicable to a person
deported to Yugoslavia, respondent has not established that he would be sub-
ject to physicial persecution under section 243(h) of the Immigration and
Nationality Act.

(2) While respondent is apparently a refugee under the mandate of the United
Nations High Commissioner for Refugees, this in itself does not establish that
he would be subject to physical persecution under section 243(h) if deported
to Yugoslavia because a person could be classified as a refugee for reasons other
than fear of persecution.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a(2)]—Nonimmigrant,
remained longer than permitted.

This case is before us on appeal from a decision of a special inquiry
officer granting voluntary departure and directing that the respondent
be deported if he fails to depart voluntarily.

The respondent is a 33-year-old unmarried male, native and citizen
of Yugoslavia, who last entered the United States on May 28, 1959
at which time he was admitted as a nonimmigrant crewman authorized
to remain in the United States during the time his vessel remained
in port but not exceeding 29 days. He has remained in the United
States without authority. In the event of failure to depart, the special
inquiry officer directed deportation to Australia, the country designated
by the respondent, with alternative orders of deportation to Yugoslavia
and Italy. That officer denied the respondent's application under
8 U.S.C. 1253(h) for withholding of deportation to Yugoslavia. The

respondent does not contest the special inquiry officer's conclusion that he is deportable from the United States, and he stated that he does not think he would be physically persecuted if deported to Italy. The sole issue to be determined is whether the respondent has established that he would be subject to physical persecution if deported to Yugoslavia.

We have carefully reviewed the entire record and our decision rests solely upon this record. The respondent was born in 1928. He was conscripted into the armed forces of Yugoslavia in 1948 and was discharged about seven months later because of illness. Subsequently he served about 17 months in the Army of Yugoslavia between 1951 and 1953. With the exception of these two periods of military service, the respondent lived and worked at home on the family farm until 1954 when he left Yugoslavia in a small fishing vessel with five other adults and landed in Italy. He testified that he lived in a refugee camp in Italy from 1954 until he came to the United States in 1959.

In his application for withholding of deportation (Ex. 2), the respondent asserts that he is opposed to communism; that he left Yugoslavia without permission in 1954; and that, if he were deported to Yugoslavia, he would be punished for having requested political asylum in Italy. The respondent asserted that about 1950 he was interrogated by the authorities in Yugoslavia because of certain statements he was supposed to have made against the communists. He admitted that he was not imprisoned at that time or subsequently; that he was not prevented from attending church; and that his mother and sisters and brother still attend church in the same place in Yugoslavia. He asserted, however, that he believed the authorities intended to put him in jail and that it was for that reason that he fled from Yugoslavia in 1954.

Under 8 CFR 242.17(c), the respondent has the burden of establishing that he would be subject to physical persecution if deported to Yugoslavia. The Government introduced a newspaper article dated March 14, 1962 (Ex. 6) indicating that Yugoslavia had granted an amnesty to about 150,000 persons outside the country including persons who fled the country illegally after World War II. In his letter accompanying the appeal, the representative of the respondent states that he will not return voluntarily to Yugoslavia and takes the position that the amnesty may apply only to persons so returning and not to any who are deported to Yugoslavia. While there appears to be no basis for assuming that the amnesty is inapplicable to a person deported to Yugoslavia, it does not appear to be too important whether the respondent is or is not technically within the purview of this amnesty. He had apparently fulfilled his military obligations when he left Yugoslavia, and we do not believe that he has established that

he would be physically persecuted merely because he left Yugoslavia without permission. There is nothing in this record to indicate that the respondent engaged in any activity inimical to the Communist Party in Yugoslavia or in any political activity whatever. Apparently he engaged principally in the routine activity of a farmer. On the one occasion in 1950, when he claims he was questioned by the authorities, no action was taken against him. On this record, we are unable to say that the respondent has established that he would be subject to physical persecution if returned to Yugoslavia.

The remaining point in the argument on behalf of the respondent relates to the letter (Ex. 4) dated May 10, 1962, by a representative of the United Nations High Commissioner for Refugees which shows that the respondent is a refugee under the mandate of the High Commissioner; that his eligibility was determined on October 8, 1954; and that the High Commissioner is opposed to the return, against his will, of any refugee under the mandate to his country of origin. The special inquiry officer stated that, even though the respondent was recognized as a refugee in 1954, this did not mean that circumstances may not have changed since that time. The letter of the respondent's representative contains the assertion that the conditions have not changed for the better in Yugoslavia since 1954 and he has referred to certain statements indicating a closer relationship between Yugoslavia and the Soviet Union. Actually, we do not believe it is material in the respondent's case whether the present relationship between these countries represents reapprochement or divergence. The fact remains that Yugoslavia is a communist country, and we have considered this in reaching our conclusion in the respondent's case.

Although the respondent is apparently a refugee under the mandate of the United Nations High Commissioner for Refugees, this in itself does not establish that he would be subject to physical persecution if deported to Yugoslavia. In his decision (p. 5), the special inquiry officer stated that an examination of the United Nations Resolutions indicates that the jurisdiction of the High Commissioner, insofar as it relates to this respondent, derives from the following: "Any person who, as a result of events occurring before 1 January 1951 and owing to well-founded fear of being persecuted for reasons of race, religion, nationality or political opinion, is outside the country of his nationality and is unable or, *owning to such fear or for reasons other than personal convenience, is unwilling* to avail himself of the protection of that country; * * *" (emphasis supplied). The language which we have emphasized indicates that a person could be classified as a refugee for reasons other than fear of persecution except that it would not extend to a case where the reason was "personal convenience".

We have taken into consideration the statement that the High Commissioner is opposed to the involuntary return of any refugee under the mandate to his country of origin. Nevertheless, we are required to decide this case on the basis of the specific provisions of the laws of this country. Since we have concluded that the respondent has not established that he would be subject to physical persecution in Yugoslavia, we are unable to make the finding required by 8 U.S.C. 1253(h). However, the respondent can avoid deportation to Yugoslavia by departing voluntarily to any other country in accordance with the voluntary departure privilege which was granted and, if he fails to depart, an effort will be made to deport him to Australia, the respondent having designated that country as the place of deportation. In view of the foregoing, the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.